UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHELTER MUTUAL INSURANCE CO.,

    Plaintiff,

    v.                                           Case No. 05-cv-4057-JPG

THOMAS PERKINS and JOHN D. PADGETT,
as Administrator of the Estate of JOHN D.
PADGETT II, deceased,

          Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant John D. Padgett's ("Padgett") motion to

dismiss plaintiff Shelter Mutual Insurance Company's ("Shelter") claims against him for lack of

subject matter jurisdiction (Doc. 11) pursuant to Federal Rule of Civil Procedure 12(b)(1).

Shelter has responded to the motion (Doc. 15).

Shelter brings this case under the Declaratory Judgment Act, 28 U.S.C. § 2201 seeking a

declaration that a homeowners insurance policy and an automobile insurance policy written by

Shelter, an insurance company, do not cover injuries resulting from an altercation between

defendant Thomas Perkins ("Perkins"), its insured, and the decedent, John D. Padgett II, and do

not obligate Shelter to defend Perkins in an underlying suit by Padgett, the administrator of the

decedent's estate, for those injuries.  In this case, Shelter is suing Perkins, as the insured, and

Padgett, as the claimant in the underlying suit.  Shelter relied on diversity jurisdiction to get into

federal court;  it is completely diverse from Perkins and Padgett's decedent and more than

$75,000 is at issue.

Padgett asks the Court to dismiss Shelter's claims against him on the grounds that there is

no case or controversy between him and Shelter since he is not a party to Perkins's insurance

policies.  He believes that this deprives the Court of subject matter jurisdiction to hear the claims

in this case against him.  In response, Shelter argues that a claimant in an underlying suit is a

proper party to a declaratory judgment action seeking to determine the coverage of an insurance

policy.

The Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201, states, in pertinent part:

"In a case of actual controversy within its jurisdiction. . . , any court of the United States, upon

the filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought.

Any such declaration shall have the force and effect of a final judgment or decree and shall be

reviewable as such."  § 2201(a).  However, a court may not use its discretion to issue a

declaration under the Act where there is no "actual controversy" between the parties.  *Id.*  The

Act's language "tracks the 'cases' or 'controversies' requirement of Article III, [and] saves the

statute from unconstitutionally expanding the federal courts' jurisdiction."  *Deveraux v. City of

Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994) (internal quotations omitted).

It is often difficult to determine whether an actual controversy exists; the distinction

between a "controversy" and an abstract question of law is one of degree.  *Id.* (citing *Maryland

Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  Consequently, there is no precise

test for determining if a complaint presents a controversy in the constitutional sense, and each

case must be considered on its own facts.  *Id.*  However, the Supreme Court has given guidance

as to when such a controversy exists:

> The controversy must be definite and concrete, touching the legal relations of
> parties having adverse legal interests. . . .  It must be a real and substantial
> controversy admitting of specific relief through a decree of a conclusive

2

character, as distinguished from an opinion advising what the law would be upon
a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

Padgett does not contest, and the Court therefore assumes for the purposes of this motion,

that there is an actual case or controversy between Perkins and Shelter. Therefore, there is also

an actual case or controversy between Padgett and Shelter. Padgett has a legally protectible

interest in Perkins's insurance policy that gives him standing to sue Shelter under Article III and

that creates a case or controversy with Shelter over which this Court has subject matter

jurisdiction. Although a tort victim's interest does not stem from a contractual relationship with

the tortfeasor's insurer, "a tort victim has a practical, albeit only a potential, financial interest in

the tortfeasor's insurance policy, and the impairment of such an interest is an injury that will

support standing under Article III." *Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th

Cir. 1992); *see Maryland Cas.*, 312 U.S. at 273-74 (holding that there was an actual controversy

in a declaratory judgment action between an alleged tortfeasor's insurer and the tort victim);

*Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992) (sufficiently

probable case or controversy between injured party and liability insurer to satisfy subject matter

jurisdiction requirements even though underlying judgment not yet rendered); *Hawkeye-*

*Security Ins. Co. v. Schulte*, 302 F.2d 174, 177 (7th Cir. 1962) (holding that injured party should

not have been dismissed in declaratory judgment action by tortfeasor's insurer). It is for this

reason that a claimant in an underlying lawsuit is a proper party defendant in a declaratory

judgment action to determine the scope of an insured's policy. *See, e.g., Essex Ins. Co. v. Kasten*

*Railcar Servs., Inc.*, 129 F.3d 947, 948 (7th Cir. 1997).

In this case, the Court finds that there is a sufficiently concrete case or controversy

between Shelter and Padgett to establish federal subject matter jurisdiction.  Padgett's decedent

has sued for injuries he allegedly suffered at the hands of Perkins, Shelter's insured.  Although

that underlying litigation has not yet been reduced to a judgment against Perkins, the probability

that it will be at some point is not so remote or so slight so as to preclude there being an actual

case or controversy at this time between Shelter and Padgett.  *See Bankers Trust*, 959 F.2d at

680-81 ("Article III requires only a probabilistic injury.").

For this reason, the Court finds that it has subject matter jurisdiction over the case or

controversy between Shelter and Padgett over whether Perkins's insurance policy covers

Padgett's decedent's injuries in the underlying suit and **DENIES** Padgett's motion to dismiss

(Doc. 11).

**IT IS SO ORDERED.**
**DATED:  October 20, 2005**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**