UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELTER MUTUAL INSURANCE CO., <br><br>    Plaintiff, <br><br> v. <br><br> THOMAS PERKINS and JOHN D. PADGETT, as Administrator of the Estate of JOHN D. PADGETT II, deceased, <br><br>    Defendants. | Case No. 05-cv-4057-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Shelter Mutual Insurance Company's ("Shelter") motion for summary judgment (Doc. 20). Shelter brings this case under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that a homeowners insurance policy and an automobile insurance policy written by Shelter, an insurance company, do not cover injuries resulting from a certain altercation between defendant Thomas Perkins ("Perkins"), its insured, and defendant John D. Padgett's decedent, John D. Padgett II, and do not obligate Shelter to defend Perkins in an underlying suit by defendant Padgett, the administrator of the decedent's estate, for those injuries. *See John D. Padgett v. James Michael Riden and Thomas Perkins*, Case No. 04-cv-4078-JPG, United States District Court for the Southern District of Illinois. In this case, Shelter is suing Perkins, as the insured, and Padgett, as the claimant in the underlying suit. Shelter argues in its motion that the underlying suit alleges only intentional torts, which are excluded from the policies Shelter issued to Perkins.

Pursuant to Local Rule 7.1(c), the defendants' responses to Shelter's motion for summary judgment were due 30 days after the motion for summary judgment was filed. When the defendants did not timely respond to the motion, the Court ordered the defendants to show cause on or before

April 7, 2006, why the Court should not construe their failure to timely respond to Shelter's motion for summary judgment as an admission of the merits of the motion pursuant to Local Rule 7.1(c) and enter judgment in favor of Shelter. The Court warned the defendants that their failure to respond in a timely manner to the order to show cause would be construed as an admission of the merits of Shelter's motion for summary judgment.

The defendants did not respond to the Court's order to show cause. The Court therefore construes their failure to respond as an admission of the merits of the motion. The Court has further reviewed the motion and finds that, taking all facts asserted therein as admitted, it establishes that Shelter is entitled to judgment as a matter of law. The Court finds that all of the allegations in the underlying complaint in *John D. Padgett v. James Michael Riden and Thomas Perkins*, Case No. 04-cv-4078-JPG, United States District Court for the Southern District of Illinois, were not accidents or occurrences giving rise to coverage but instead sound in intentional tort invoking applicable exclusions. The policies of insurance issued to Perkins – the homeowners policy numbered 12-71-4598474-1, which was in effect on April 26, 2002 and incorporated into the Declaratory Judgment Action as plaintiff's Exhibit A, and the automobile policy number 12-1-C-4598474-6 in effect on the same date and incorporated by reference in the Declaratory Judgment Action as Exhibit B – provide no coverage, no duty to defend, and no indemnity for any/all allegations brought in the aforementioned underlying compliant. Accordingly, the Court **GRANTS** the motion for summary judgment (Doc. 20) and **DIRECTS** the Clerk of Court to enter judgment in favor of Shelter and against the defendants and declaring that:

- the homeowner's insurance policy numbered 12-71-4598474-1 issued by Shelter to Perkins and the automobile policy numbered 12-1-C-4598474-6 issued by Shelter to Perkins do not afford coverage to Perkins for the incidents alleged to have occurred on April 26, 2002, in Harrisburg, Illinois, involving an altercation with defendant's decedent John D. Padgett, II, which form the basis of *John D. Padgett v. James Michael Riden and Thomas Perkins*, Case No. 04-cv-4078-JPG, in the United States District Court for the Southern District of Illinois;

- Shelter owes no duty to defend Perkins against any of the allegations in the complaint in *John D. Padgett v. James Michael Riden and Thomas Perkins*, Case No. 04-cv-4078-JPG, in the United States District Court for the Southern District of Illinois, or any other complaint that may be brought against Perkins concerning the incident alleged to have occurred on April 26, 2002, in Harrisburg, Illinois; and

- Shelter owes no duty to indemnify Perkins for any judgment entered against him in *John D. Padgett v. James Michael Riden and Thomas Perkins*, Case No. 04-cv-4078-JPG, in the United States District Court for the Southern District of Illinois, or for any settlement entered into in that case.

**IT IS SO ORDERED.**
**DATED:  April 14, 2006**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**